Charles H. RUBY, as President of the Air Line Pilots Association, International, and the Air Line Pilots Association, International, an unincorporated association, Plaintiffs,

v.

PAN AMERICAN WORLD AIRWAYS, INC., Defendant.

No. 66 Civ. 430.

United States District Court
S. D. New York.

Feb. 25, 1966.

Cohen & Weiss, New York City, for plaintiffs; Herbert A. Levy, Robert S. Savelson, New York City, of counsel.

Poletti, Freidin, Prashker, Feldman & Gartner, New York City, for defendant; Jesse Freidin, Murray Gartner, Edward R. Cohen, New York City, of counsel.

Daniel Kornblum and O'Donnell & Schwartz, New York City, for intervenor;

Asher W. Schwartz, New York City, of counsel.

LEVET, District Judge.

Presented for determination here are two motions: first, a motion by Paul Chorbajian, as President of the Flight Engineers' International Association, PAA Chapter, and the Flight Engineers' International Association, PAA Chapter (hereinafter "FEIA") to intervene in the above-entitled action; and, second, a motion by plaintiffs, brought by order to show cause, for a preliminary injunction restraining Pan American World Airways, Inc. (hereinafter "Pan American") from taking any steps to require any pilot serving as the third crew member to provide financial support for the FEIA and from discharging or in any way adversely affecting the employment rights of any such pilot for refusing to pay dues to the FEIA.

The present case represents the most recent step in the continuing controversy between Pan American, the Air Line Pilots Association (hereinafter "ALPA"), and FEIA concerning the much-publicized crew complement problem and is the offspring of Ruby et al. v. Pan American World Airways, Inc., Paul Chorbajian, and the Flight Engineers' International Association, PAA Chapter, 252 F.Supp. 873, S.D.N.Y. (hereinafter "the 1965 action"). That case and this one involve the same basic issue; namely, whether pilots hired by Pan American after May 21, 1962, so-called "new hires," and thereafter assigned to third crew member positions may be required, as a condition of their employment, to join or provide financial support to the FEIA.

ALPA's present motion for a preliminary injunction seeks relief similar to that requested in the 1965 action and denied by Judge Palmieri in an opinion filed December 20, 1965, holding that the present issue between Pan American and ALPA was a "minor dispute" under the Railway Labor Act, 45 U.S.C. §§ 153, 184, and that a preliminary injunction could not be granted because ALPA had not exhausted its remedies under the arbitration procedures existing between ALPA and Pan American. In his opinion, Judge Palmieri stated that the central issues in the case were, *first*, what language of several agreements between Pan American and ALPA is currently effective, a question for the courts, and, *second*, what does that language mean, a question within the exclusive jurisdiction of the System Board of Adjustment. Taking Judge Palmieri's hint, ALPA has not submitted the question of the interpretation of the effective language of the Pan American-ALPA agreements to the Pilots' System Board of Adjustment and in the complaint in the present suit, which names only Pan American as a defendant, seeks, *first*, a judgment declaring what the effective language of the Pan American-ALPA agreements is, and, *second*, an injunction restraining Pan American from requiring new hires to pay dues to FEIA or be discharged until the System Board of Adjustment renders a final decision. Essentially, the injunctive relief sought in the complaint is the same as that now sought in the present motion for a preliminary injunction.

Since the essential facts of the controversy are set out in detail in Judge Palmieri's opinion denying ALPA's motion for a preliminary injunction in the 1965 action, all that needs to be done here is to outline the basic controversy and bring it up to date. Basically, what is involved here are conflicting claims by ALPA and FEIA as to the meaning of their respective crew complement agreements with Pan American. FEIA's position is that its crew complement agreement with Pan American makes new hires subject to FEIA's agency shop agreement with Pan American and that, therefore, new hires must provide financial support for FEIA as a condition of their employment. ALPA's position is that under the effective language of its crew complement agreements with Pan American new hires are exempt from the FEIA agency shop agreement.

A little over one year ago FEIA sought arbitration of its dispute with Pan American over whether the new hires were

bound by the agency shop agreement. In an award dated July 7, 1965, Professor Nathan P. Feinsinger, the standing arbitrator under the FEIA-Pan American agreement, ruled that new hires are subject to FEIA's agency shop agreement. ALPA was invited to be heard at the arbitration meetings, but declined the invitation. After the Feinsinger award, FEIA moved in the New York Supreme Court to confirm it. Pan American then cross-moved to dismiss because of failure to join indispensable parties or, in the alternative, for an order requiring joinder of the affected third crew members and ALPA. Those motions were denied by Justice Tilzer in an opinion printed January 4, 1966 in the New York Law Journal.

## I. MOTION TO INTERVENE

FEIA's motion to intervene in the present case is governed by Rule 24 of the Federal Rules of Civil Procedure. Its moving papers seem to ask for permissive intervention under Rule 24(b)(2), but its memorandum in support of the motion seems to request intervention of right under Rule 24(a) (2). In my opinion, permissive intervention must be allowed so that there is no need to discuss whether this is a case for intervention of right. Rule 24(b) provides in pertinent part:

"(b) PERMISSIVE INTERVENTION. Upon timely application anyone may be permitted to intervene in an action: * * * (2) when an applicant's claim or defense and the main action have a question of law or fact in common. * * * In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties."

Examination of FEIA's proposed pleading, submitted pursuant to the requirements of Fed.R.Civ.P. 24(c), sets forth several defenses to ALPA's claims against Pan American. Specifically, FEIA contends, first, that new hires are subject to the FEIA agency shop, second, that the court does not have jurisdiction over the subject matter of the action, and, third, that ALPA does not represent new hires so that there is no basis under the Railway Labor Act, 45 U.S.C. § 151 et seq., on which the action can be maintained. There is no doubt that these claimed defenses raises questions of law and fact in common with the main action. The dispute between ALPA and Pan American is in reality a three-headed dispute with FEIA as the third party. ALPA, opposing FEIA's intervention, contends that the present suit concerns solely contracts between ALPA and Pan American. That is true, but those contracts have a very direct relationship with FEIA's interests. To preclude FEIA from entering the present suit simply because the complaint purports to state claims between ALPA and Pan American would be to ignore the realities of the dispute. FEIA must be a party if there is ever to be a final and binding decision between the parties. See Brotherhood of Locomotive Eng'rs v. Chicago, M., St. P., & P. R. Co., 34 F.Supp. 594 (E.D.Wisc.1940).

To my mind, it makes no difference that Pan American was unsuccessful in its attempt to join ALPA in the state court proceeding by FEIA to confirm the Feinsinger award. The request for joinder there came after an arbitration award had been given. At that point, only the parties to that award, as the state court held, have standing to vacate the award. Here the situation is different. FEIA is seeking to intervene at the outset; the timeliness of its application cannot be questioned. Moreover, it does not appear that FEIA's intervention will unduly delay or prejudice the adjudication of the rights of the original parties, ALPA and Pan American.

Accordingly, FEIA's motion to intervene is granted.

## II. MOTION FOR PRELIMINARY INJUNCTION

Plaintiffs' motion for a preliminary injunction is based on Westchester Lodge 2186, Bhd. of Ry. & S.S. Clerks, etc. v. Railway Agency, Inc., 329 F.2d 748 (2nd Cir. 1964). There the Second Circuit

held that a district court may grant an injunction to retain the *status quo* or to restore the *status quo ante* in a "minor" dispute under the Railway Labor Act "if the court's discretion is soundly exercised to preserve the primary jurisdiction of the Adjustment Board." 329 F.2d at 753. No injunction may be granted where the dispute is not pending before the Adjustment Board. Manion v. Kansas City Terminal Ry. Co., 353 U.S. 927, 77 S.Ct. 706, 1 L.Ed.2d 722 (1957).

■■ Presented in this case is the unique situation where the Adjustment Board must await action of the courts before it can act on the petition which has been submitted to it. Here it must first be determined what the effective language of the Pan American-ALPA agreements is before the Pilots' System Board of Adjustment can interpret that language. Thus, an issue as to the scope of the Westchester Lodge case is squarely raised: May an injunction retaining the status quo be granted where a "minor" dispute, although submitted to the Adjustment Board, will be pending there, ready for decision, only after an initial determination has been made in the courts? In my opinion, such an injunction may be granted. Federal courts have broad equitable powers to issue injunctions to effectuate the purposes of the Railway Labor Act. Westchester Lodge 2186, Bhd. of Ry. & S.S. Clerks, etc. v. Railway Express Agency, Inc., supra. That a court determination must be made before the Adjustment Board actually starts work does not erase the fact that a "minor" dispute exists which has been, at least in form, submitted to the Adjustment Board. If in a particular case an injunction is appropriate to preserve the Board's jurisdiction, it should not matter that the Board will not actually commence work until after an initial court determination.

■ The present case, however, is not an appropriate one for injunctive relief.

Issuance of an injunction restraining Pan American from requiring new hires to pay dues to FEIA will likely lead to a refusal to pay by the new hires and a serious financial crisis at FEIA since it appears that one-third of the income of FEIA has its source in the dues of new hires. Thus, instead of preserving the status quo, an injunction here might very well destroy it by hamstringing FEIA in the performance of its essential functions under the Railway Labor Act. Injunctions with such effect are to be discouraged. See Brotherhood of Ry. & S.S. Clerks, etc. v. Allen, 373 U.S. 113, 83 S.Ct. 1158, 10 L.Ed.2d 235 (1963); International Assn. of Machinists v. Street, 367 U.S. 740, 81 S.Ct. 1784, 6 L.Ed.2d 1141 (1961). Plaintiffs, nevertheless, contend that new hires will be irreparably harmed if the injunction is not granted. They say that new hires who choose not to pay dues to FEIA under protest will be discharged and will suffer loss of their current professional qualifications and loss of proficiency. Furthermore, they claim that even if discharged new hires were later reinstated, problematical questions concerning their seniority and employment rights would arise. Such damage, however, is avoidable merely by paying dues to FEIA under protest. It appears that the new hires will have no financial difficulty in paying dues to FEIA. If and when it is determined that new hires do not have to pay dues to FEIA, an action may be maintained to recover any dues which were not properly due and owing. At this point in the dispute, it seems to me that the equities do not favor issuance of an injunction here.

Accordingly, plaintiffs' motion for a preliminary injunction is denied.

This constitutes my Findings of Fact and Conclusions of Law. Fed.R.Civ.P. 52(a).

Settle orders on notice.